UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.    CV 11-00521-VBF-AGR                    Dated:    June 19, 2013

Title:    *Jeffrey Harold Smith, Petitioner v. Director of the CDCR, Respondent*

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                                  N/A
Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR PETITIONER:       ATTORNEYS PRESENT FOR RESPONDENT:

N/A                                                              N/A

PROCEEDINGS (IN CHAMBERS):    **ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION WITH ADDITIONAL ANALYSIS, and DENYING THE INEFFECTIVE-ASSISTANCE CLAIM RAISED BELATEDLY IN PETITIONER'S TRAVERSE**

The Court will overrule petitioner's objections, adopt the well-reasoned Report and Recommendation, and deny the habeas petition for lack of merit, adding a brief note to reinforce the disposition of the recusal claim. The Court also holds that petitioner's claim of ineffective assistance due to counsel's failure to request a continuance of his probation-revocation hearing, raised for the first time in his traverse, lacks merit.

**Petitioner's recusal claim fails essentially for the reasons stated by the R&R at 8-10.** Adverse rulings, such as the state court's revocation of petitioner's probation, are insufficient to demonstrate judicial bias, *Taylor v. Regents of Univ. of Calif.*, 993 F.2d 710, 712-13 (9th Cir. 1993), and in any event, the judge was notably lenient with petitioner in the initial sentencing. The Court also notes that a party seeking recusal must point to

MINUTES FORM 90                                          Initials of Deputy Clerk     Lk
CIVIL - GEN

some extrajudicial source for the bias, *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 1154 (1994), i.e., there must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not his view of the law, *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979) (applying 28 U.S.C. § 144), and petitioner points to no such source. Nor has he alleged that the judge engaged in *ex parte* contact or investigation outside the record which could require recusal. *See In re Marshall*, 403 B.R. 668, 680 (C.D. Cal. 2009) (collecting cases). The remarks petitioner made admitting probation violations were "off the record" but made in court with others present, including petitioner's counsel, and the judge rightly noted that those people could testify as to what petitioner said (obviating any need for the judge to testify), R&R at 9-10.

Even broadly construing the need to avoid the *appearance* of bias, petitioner did not present evidence suggesting that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Herrington v. Sonoma Cty.*, 834 F.2d 1488, 1502 (9th Cir. 1987). Supreme Court holdings set forth three circumstances in which the appearance of bias, as opposed to evidence of actual bias, warrants recusal, *Hurles v. Ryan*, 706 F.3d 1021, 1046 (9th Cir. 2013) (citing *Crater v. Galaza*, 491 F.3d 1119, 1131 (9th Cir. 2007)): the judge has a "direct, personal, substantial pecuniary interest", *Crater*, 491 F.3d at 1131 (quoting *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S. Ct. 437 (1927)); the judge became embroiled in "'a bitter, running controversy'" with a litigant, *Crater*, 491 F.3d at 1131 (quoting *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971)); or the judge acted as "'part of the accusatory process.'" *Crater*, 491 F.3d at 1131 (quoting *In re Murchison*, 349 U.S. 133, 137, 75 S. Ct. 623 (1955)). Smith's recusal "claim does not suggest any possible connection of the [trial judge] to his case that approaches the prior involvement of the judges in *Tumey*, *Murchison*, *Mayberry*, or *Caperton*." *Greenway v. Schriro*, 653 F.3d 790, 807 (9th Cir. 2011).

**The ineffective assistance claim discussed by the Magistrate likewise fails for the reasons stated by the R&R at 10-13.** Petitioner complains that his counsel who requested the hearing, Wilson, was unable to attend due to a death in the family. That inability to attend, petitioner asserts, led the judge to rely on inaccurate information in revoking probation because Wilson failed to properly instruct and prepare fill-in counsel. As the Magistrate notes, petitioner merely shows that a better outcome was *conceivable* if replacement counsel had demanded a hearing and requested recusal, whereas *Strickland* requires a finding that a better result would have

been *substantially likely*. R&R at 12 (citing *Harrington*, 131 S. Ct. at 792); *see also Cunningham v. Wong*, 704 F.3d 1143, 1156 (9th Cir. 2013) (citing *Cullen v. Pinholster*, – U.S. –, 131 S. Ct. 1388, 1403 (2011)).

Moreover, consistent with the R&R at 13, the Court notes that petitioner did not identify any witnesses willing and able to appear at a revocation hearing to dispute the substance of the violation allegations, nor did he show any likelihood that a recusal request would have been granted if made by replacement counsel. *Cf. Henry v. Ryan*, 2009 WL 692356, *45 (D. Ariz. Mar. 17, 2009) (denying § 2254 claim premised partly on refusal to let petitioner testify at recusal hearing) ("Petitioner's testimony about his perceptions of the judge's attitude . . . would not have revealed 'a deep-seated favoritism or antagonism' . . . . There is no likelihood that Petitioner's testimony would have altered [the] decision to deny the recusal motion. The Arizona Supreme Court, in holding that Petitioner was not prejudiced . . . , did not unreasonably apply clearly established federal law.") (internal citation omitted), *mot. to amend denied*, 2009 WL 890971 (D. Ariz. Apr. 2, 2009).

**Next, the Court notes that while petitioner's opening brief here did not claim his counsel was ineffective for failing to request a continuance of the revocation hearing, his traverse seems to make such a claim.** Petitioner complains about his counsel, "Not only did he not leave a note, he failed to advise his replacement to postpone any of the cases." Traverse (Doc 12) at 2.

Ordinarily a federal court refuses to consider arguments which a party raises for the first time in a reply brief or later filing, even in criminal appeals, *see, e.g., United States v. Akana*, No. 12-10602, – F. App'x –, 2013 WL 2632593, *1 (9th Cir. June 13, 2013) ("We decline to reach Akana's argument that the district court improperly relied on the need for punishment in imposing sentence because it is raised for the first time in the reply brief.") (citing *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006)), and habeas proceedings, *see, e.g., Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived.") (citation omitted).

Our Circuit, however, has held that under some circumstances, "it may be an abuse of discretion for a district court to refuse to consider new claims raised after the petition by a pro se petitioner." *Williams v. Kramer*, 2009 WL 2424582, *3 (E.D. Cal. Aug. 6, 2009) (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (holding that although petitioner did not raise argument until his objections to the R&R, under the circumstances the district judge abused its discretion in refusing to consider that argument)); *see also Akhtar v. Mesa*, 698 F.3d

1202 (9th Cir. 2012) (district court abused its discretion by refusing to consider arguments raised for the first time in an incarcerated pro se section 1983 plaintiff's objections to an R&R); *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (district court abused its discretion by refusing to consider arguments raised for the first time in a pro se plaintiff's objections to an R&R). Accordingly, in an abundance of caution, the Court exercises its discretion to consider the claim relating to counsel's failure to request a continuance, and concludes that it lacks merit.

If the rationale for believing that competent counsel would have requested a continuance was that counsel, who was well versed in the case, could attend rather than a less-prepared fill-in counsel, it was reasonable to conclude that petitioner did not suffer *Strickland* prejudice from counsels' failure to request a continuance. There is no reason to believe that the unsupported recusal request would have succeeded if it had been asserted by one counsel rather than another.

Alternately, if the rationale for requesting a continuance was that petitioner would have had more time to contact witnesses or gather other evidence, it would again be reasonable to conclude that he did not suffer *Strickland* prejudice from the failure to request a continuance. Petitioner has not identified particular testimony he could have mustered with a continuance. *See United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (to demonstrate *Strickland* prejudice caused by failure to call a witness, a defendant must show what testimony the witness would have given and explain how it would have changed the outcome); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (petitioner must provide affidavit from each witness stating he was willing and able to testify at the proceeding and saying what he would have testified). For that reason, the Court cannot say there was a substantial likelihood of the judge granting a continuance on this latter basis. *Cf. Noble v. Scribner*, 2010 WL 2674458, *35 (C.D. Cal. Apr. 23, 2010) ("[T]here is no reason to believe that any competent defense attorney would have asked for a continuance when the prosecution's motion to amend was granted . . . . Moreover, *there is no reason believe the trial court would have granted a continuance request . . . .*") (emphasis added), *R&R adopted*, 2010 WL 2674464 (C.D. Cal. July 1, 2010).

Also because of this lack of specific intended testimony, this Court cannot say there was a substantial likelihood of the judge issuing a more favorable decision on the recusal request or the probation violations if a revocation hearing had been held later following a continuance. *Cf. Kelsaw v. Horel*, 2010 WL 3634337, *34

(E.D. Cal. Sept. 14, 2010) ("Kelsaw has failed to demonstrate ineffective assistance of counsel because . . . there is no evidence regarding what [witness] Ford would have testified to had she been recalled by the defense and impeached with the substance of the undated recorded conversation. Kelsaw offers no . . . declaration from Ford nor any other evidence to corroborate Horne's assertion that the voice on the tape belonged to Ford.").

Finally, the Court will overrule petitioner's objections. The Report rightly recommended finding that petitioner has not demonstrated that he was prejudiced by any supposedly deficient performance by his counsel, R&R at 13. The judge terminated petitioner from the drug court program and probation on the basis of two admissions made during the following colloquy:

| | |
|---|---|
| COURT: | Do you admit that you violated Drug Court policy by drinking alcoholic beverages since your son went into the Army? |
| PETITIONER: | Yes, Your Honor. |
| COURT: | And do you admit that you submitted falsified pay stubs to Patty Munson at the Needles Center for Change? |
| PETITIONER: | Yes, Your Honor. |

(LD 16 at 35.) In his Objections, Petitioner argues that the state court's decision was not entitled to deference because the state court failed to conduct an evidentiary hearing even though his evidence "controverted every single declaration which the judge made against petitioner causing the judge to impose the six year sentence at 80%." Petitioner's Objections (Doc 19) at 3. Petitioner cites attachments to LD 14, his state habeas petition before the California Supreme Court. Petitioner further argues that there is a reasonable probability of a favorable outcome had the *Vickers* hearing not been waived. These arguments are not supported by the record.

Yet in his Objections, Petitioner admits he drank alcohol, merely portraying it as "a one time occurrence when petitioner dropped his 17 year old Army-enlistee son off at the bus station to go to boot camp."[1] *Id.* at 4.

---

[1] Petitioner cites a declaration from his appellate counsel:

Petitioner further admits that the pay stubs were made by him instead of his employer.[2] *Id.* at 5. Accordingly, the two admissions that formed the basis of the judge's decision to terminate petitioner's probation and drug-court placement are not controverted by LD 14. It is undisputed that petitioner was not allowed to consume any alcohol. Petitioner argues that he performed the work reflected in the pay stubs, Objections at 5, but the judge previously noted that the documents Petitioner submitted were documents petitioner created, even if he was actually working for the employer. LD 16 at 29. The judge referred to the fact that he had previously given petitioner a second chance but was not going to give him a third chance.[3] *Id.*

Petitioner's remaining objections likewise lack merit.

### ORDER

Petitioner's objections are **OVERRULED**.

The Report and Recommendation is **ADOPTED**.

The petition for a writ of habeas corpus is **DENIED**.

---

[1]
> In March 2009, I spoke with petitioner's mother. . . . She said she was asked by Patty Munson of the Drug Court, Center for Change if she had seen her son drink while he was enrolled in Drug Court. She told Ms. Munson that the only time was when petitioner dropped his 17 year old son off at the bus to go to Army boot camp, petitioner was so upset he went down to the Colorado River and drank some beer and then came back and told her "that was it" he was not going to drown his sorrows any more that way and would support his son in his decision.

Khoury Decl. ¶ 4, Lodged Document ("LD") 14 at Ex. D.

[2] Petitioner again cites his appellate counsel's declaration:

> In March 2009 I was able to contact Jim Jones who employed petitioner Smith during the time Smith was in Drug Court. Jones said that Smith was a valued worker but was an independent contractor. He said . . . that [he] would have come to court to verify that Smith worked for him.

Khoury Decl. ¶ 3.

[3] Petitioner disputes other facts that were discussed at times before the judge. Because those facts did not form the basis of the judge's decision, Petitioner has not shown a basis for federal habeas relief.

As required by FED. R. CIV. P. 58(a)(1), the judgment is being issued as a separate document.[4]

This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[5]

IT IS SO ORDERED.

---

[4] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion stating, "The Court will issue a separate Judgment as required by Rule 58(a)."); *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1)."); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011).

[5] *See Korn v. US*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies a COA, applicant may request a COA from a circuit judge).

MINUTES FORM 90  Initials of Deputy Clerk ___Lk___
CIVIL - GEN